UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:06-CR-547 CAS |
| ) | |
| HANEEF MAJEED, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of defendant Haneef Majeed's motion to amend or correct the judgment. The government opposes the motion on the basis that 18 U.S.C. §§ 3585(a) and (b) make no provision for retroactive commencement of a sentence even if it is ordered to be served concurrently.[1] Defendant has filed a reply in support of his motion. For the following reasons, the Court will deny the motion.

**Background**

On November 24, 2003, defendant was sentenced to a 30-month term of imprisonment and a 5-year term of supervision for Bank Fraud by Judge Perry in Case 4:02-CV-495 CDP (E.D. Mo.). Defendant was released from this term of imprisonment on August 5, 2005, and began the 5-year term of supervised release. On August 10, 2006, while still on federal supervision, defendant was arrested for Distribution in Excess of 500 grams of Cocaine. Defendant's supervised release was

---

[1] The government's response actually states that 18 U.S.C. §§ 3585(a) and (b) "make[] no provisions for retroactive commencement of a sentence even if ordered to [be] served consecutively." Response at 2. Use of the word "consecutively" is obviously an error here.

revoked on September 22, 2006, and he was sentenced a 24-month term of imprisonment and a 24-month term of supervised release for supervised release violation.

On August 11, 2006, a criminal complaint was filed against defendant in this case, charging Distribution in Excess of 500 grams of Cocaine. An indictment on the same charge was filed against defendant on September 7, 2006. On October 25, 2006, defendant and four other individuals were charged by superseding indictment with one count of conspiracy to knowingly and intentionally distribute and possess with the intent to distribute cocaine and cocaine base (crack), in excess of 500 grams of cocaine and 50 grams of cocaine base, and defendant was charged with one count of distribution in excess of 500 grams of cocaine. A superseding information was filed on October 2, 2007, charging defendant with conspiring with another individual and unknown persons to knowingly and intentionally distribute and possess with the intent to distribute cocaine in excess of 5 kilograms.

On October 2, 2007, defendant filed a waiver of indictment and on the same day pleaded guilty to the superseding information. On January 17, 2008, the Court sentenced defendant to a 168-month term of imprisonment for Conspiracy to Possess with the Intent to Distribute Cocaine in violation of 21 U.S.C. §§ 841(a) (1) and 846. The Court ordered defendant's term of imprisonment to run concurrent to the 24-month supervised release violation term imposed in 4:02-CR-495 CDP on September 22, 2006. See Judgment at 2 (Doc. 211).

On June 15, 2010, defendant filed an Application for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the District of Colorado, Case No. 1:10-CV-1391 WJM, claiming his federal sentence has been miscalculated as he was not given credit for 17 months of pretrial detention in the instant case. In March 2011, after the government filed its

response to defendant's habeas corpus application, defendant sought a stay of that case in order to file the motion to amend or correct judgment in this case.

**Discussion**

In the motion to alter or amend the judgment, defendant asks the Court to "correct or amend the judgment in the criminal case to reflect a nunc pro tunc designation of 168 month term as being pronounced on the date for which [defendant] was sentenced to the 24 month term in Case No. 02-CR-495-CDP (September 22, 2006)." Mot. at 2. In other words, defendant requests that the Court's judgment in this case reflect that his sentence started on September 22, 2006, rather than the date it was imposed, January 17, 2008.

A threshold issue presented by defendant's motion is that a validly imposed sentence such as defendant's can only be modified under limited circumstances, none of which are applicable to the present case. Defendant does not indicate what rule or statute his motion is filed pursuant to and he has not cited any legal authority giving this Court the power or authority to modify the sentence imposed in this case after the passage of more than three years. The Court will examine the various avenues of relief from a criminal judgment available for a convicted defendant.

A district court has no jurisdiction to alter a defendant's term of imprisonment except as authorized by 18 U.S.C. § 3582. United States v. Austin, 217 F.3d 595, 597 (8th Cir. 2000) (quoting 18 U.S.C. § 3582(c) ("'The court may not modify a term of imprisonment once it has been imposed except under specified circumstances.'"). Subsection (b) of 18 U.S.C. § 3582 limits the Court's authority to modify a final judgment that includes a sentence of imprisonment to three specific circumstances. First, the Court can modify a judgment (1) upon a motion of the Director of the Bureau of Prisons ("BOP") for statutorily-specified reasons, (2) upon the motion of the

3

government for substantial assistance, or (3) upon a motion of the defendant or the BOP, or upon the court's own motion, because of a subsequent lowering of the applicable sentencing range. 18 U.S.C. § 3582(b)(1), (c)(1)(A), (c)(1)(B), (c)(2); see also Fed. R. Crim. P. 35(b). Second, the Court can correct a judgment as permitted (1) upon a motion to correct clear error, or (2) upon appeal of the sentence as provided for by 18 U.S.C. § 3742. 18 U.S.C. §§ 3582(b)(2), 3742; see also Fed. R. Crim. P. 35(a). Third, the Court can modify a judgment that was appealed if the sentence was found to be outside of the United States Sentencing Guidelines range, as provided for in 18 U.S.C. § 3742. 18 U.S.C. §§ 3582(b)(3), 3742. Defendant's motion to amend or correct sentence does not allege that any of these circumstances apply, and therefore the Court lacks jurisdiction to modify defendant's sentence under § 3582.

Nor can defendant's motion be considered under Rule 35(a) of the Federal Rules of Criminal Procedure. Rule 35(a) provides, "Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error." Once this period ends, a court lacks jurisdiction to correct even a legally erroneous sentence. See Austin, 217 F.3d at 597 (discussing former Rule 35(c)). More than fourteen days has passed since defendant was sentenced, and therefore the Court lacks jurisdiction to modify his sentence under Rule 35(a).

Rule 35(b) of the Federal Rules of Criminal Procedure provides that a court may reduce a sentence on motion of the government based on a defendant's substantial assistance in the investigation or prosecution of another person. Rule 35(b) does not apply here, as the government has not filed a motion and defendant does not allege that he offered substantial assistance. Thus, defendant cannot obtain what he seeks under either Rule 35(a) or 35(b).

4

Defendant's request that the Court issue a judgment <u>nunc</u> <u>pro</u> <u>tunc</u>, Latin for "now for then," implies that the Court intended defendant's sentence in the instant case to commence on September 22, 2006, but the judgment actually entered did not accurately reflect the Court's intent. Defendant's motion to amend or correct judgment could therefore be interpreted to invoke Rule 36 of the Federal Rules of Criminal Procedure, which provides:

> After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission.

Rule 36, Fed. R. Crim. P.

Rule 36, which permits the correction of clerical errors and errors in the record arising from oversight or omission, cannot be used here because the judgment does not contain a clerical error-- the Court did not intend that defendant's sentence commence on September 22, 2006. The judgment accurately reflects the sentence as imposed by the Court. Relief is therefore not available to defendant under Rule 36.

Based on the foregoing, the Court cannot amend or correct defendant's sentence because it lacks the jurisdiction to do so, and therefore the motion should be denied. In addition, the Court would not grant the amendment or correction to the judgment that defendant seeks, because it does not reflect the Court's intent in sentencing him.

Moreover, even if the Court had intended to sentence defendant in the manner defendant asserts, federal courts have uniformly rejected the proposition that a federal sentence can be made "retroactively" concurrent to a date prior to its imposition, and then be deemed to have commenced on the date the prior sentence was imposed. A federal sentence can never be deemed to have commenced before it was imposed. <u>See</u>, <u>e.g.</u>, <u>Miramontes v. Driver</u>, 243 F. App'x 855, 856 (5th Cir.

2007) ("Even [if] it intends to do so, a district court does not have the authority under [18 U.S.C.] § 3585(b) to order a federal sentence to run absolutely concurrently with a prior sentence."); Coloma v. Holder, 445 F.3d 1282, 1284 (11th Cir. 2006) ("Whatever else the word [concurrent] means with regard to the second sentence, . . . it does not mean that the two sentences 'hav[e] the same starting date because a federal sentence cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served.'") (quoting United States v. Flores, 616 F.2d 840, 841 (5th Cir. 1980)); Demartino v. Thompson, 116 F.3d 1489 (10th Cir. 1997) (table decision) ("Logically, [a federal sentence] cannot commence prior to the date it is pronounced, even if made concurrent with a sentence already being served.") (internal quotations omitted); United States v. McLean, 867 F.2d 609 (4th Cir. 1989) (table decision) ("A federal sentence cannot commence prior to the date it is pronounced. Consequently, when a federal sentence is ordered to run concurrently with a sentence being served, it can only run concurrently with that part of the prior sentence remaining to be served."); Shelvy v. Whitfield, 718 F.2d 441, 444 (D.C. Cir. 1983) ("[A] federal sentence made concurrent with a sentence already being served does not operate in a 'fully concurrent' manner . . . the second sentence runs together with the *remainder* of the one then being served."); Wilson v. Henderson, 468 F.2d 582, 584 (5th Cir. 1972) ("A sentence cannot commence prior to the date it is pronounced even if it is to be concurrent to a sentence already being served."); Mathison v. Morrison, 2007 WL 3224671, at *5 (D. Minn. Nov. 1, 2007) (where 246-month sentence was ordered to run concurrently with earlier 21-month sentence, "that can only mean that the second sentence was to be served concurrently with the unserved remainder of the first sentence (as of the date when the 246-month sentence was imposed). A federal prison sentence, even one that is to be served concurrently with another sentence, cannot have a retroactive commencement date.

Because Petitioner's second sentence was not imposed, and did not commence, until September 12, 1997, his two sentences could run concurrently only from and after that date.)"

For these reasons, defendant's motion to amend or correct the judgment in this case should be denied.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Haneef Majeed's motion to amend or correct the judgment is **DENIED**. [Doc. 242]

                                                          **CHARLES A. SHAW**
                                                          **UNITED STATES DISTRICT JUDGE**

Dated this  12th  day of May, 2011.